UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-4198-FMO (KS)                                    Date: June 28, 2018

Title   *Robert Smith v. Steve Langford*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

**BACKGROUND**

On May 18, 2018, Petitioner, a federal prisoner incarcerated at the United States Penitentiary – Lompoc and proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (the "Petition") under 28 U.S.C. § 2241. (Dkt. No. 1.) According to the Petition, Petitioner is incarcerated within this district but was convicted in the Northern District of Illinois (the "Sentencing Court"). Petitioner alleges that his sentence is illegal. (*See* Petition at 3-4.)

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the federal dockets and filings available through the PACER system. *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citations omitted). These records show that, on June 22, 2005, a jury for the Northern District of Illinois convicted Petitioner on all four counts of the indictment: (1) possessing an unregistered explosive device in violation of 26 U.S.C. § 5861(d); (2) constructing a destructive device without paying taxes in violation of 26 U.S.C. § 5861(d); (3) attempting to use an explosive device to destroy a place of business in violation of 18 U.S.C. § 844(i); and (4) carrying a firearm – namely, a pipe bomb[1] – while committing a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Smith*, No. 04-CR-463 (Dkt. Nos. 8, 65); *see also*

---

[1] A "destructive device" such as a pipe bomb constitutes a firearm under this provision. *See* 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii); *see also United States v. Ratigan*, 351 F.3d 957, 959 n. 1 (9th Cir. 2003).

*United States v. Smith*, 502 F.3d 680, 683 (7th Cir. 2007). On October 26, 2005, United States District Judge Ruben Castillo sentenced Petitioner to a total federal prison term of forty years – thirty years for Petitioner's violation of 18 U.S.C. § 924(c)(1)(A) and ten years for his other offenses. *Smith*, No. 04-CR-463 (Dkt. No. 79); *see also Smith*, 502 F.3d at 683.

Petitioner appealed to the Seventh Circuit, and on September 17, 2007, the Seventh Circuit affirmed Petitioner's conviction and sentence. *Smith*, 502 F.3d. at 683-691. On December 23, 2008, Petitioner filed, in the Sentencing Court, a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *United States v. Smith*, No. 1:08-cv-07337 (Dkt. No. 1). Petitioner argued, *inter alia*, that his attorney was ineffective for failing to object to a sentence imposed for an offense that was not charged or presented to the jury. *Id.* On January 27, 2009, the Sentencing Court denied the motion. *Id.* at Dkt. No. 8.

On November 25, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("2013 Petition") in the Central District of Illinois. *Smith v. Rios*, No. 1:13-cv-01558-SLD (Dkt. No. 1). In the 2013 Petition, Petitioner argued that, pursuant to the Supreme Court's decision in *United States v. O'Brien*, 560 U.S. 218 (2010), "he was illegally sentenced to a 30 year consecutive term of imprisonment under 18 U.S.C. § 924(c)(1)(B)(ii) despite not being properly charged under that provision nor having the jury specifically charged with making a finding that he used a destructive device in furtherance of the offense." (2013 Petition at 3.) On March 9, 2017, the Central District of Illinois denied the 2013 Petition on the grounds that it was an unauthorized second and successive § 2255 petition disguised as a § 2241 petition. *Smith v. Rios*, No. 1:13-cv-01558-SLD (Dkt. No. 44). The Central District of Illinois also rejected Petitioner's challenge to the validity of his sentence as meritless, noting that "[b]ecause the text of the indictment charged [Petitioner] with possessing a destructive device and the jury was required to find he possessed one in order to find him guilty, he received the protections required by *Castillo* [*v. United States*, 530 U.S. 120 (2000)] and *O'Brien*." (*Id.* at 6-7.)

On May 18, 2018, Petitioner filed the instant Petition, again arguing that his sentence was illegal. (*See generally* Petition at 3-4.) Petitioner now challenges the legality of both the thirty year sentence imposed in connection with his violation of 18 U.S.C. § 924(c)(1)(A) and the ten year sentence imposed in connection with his other three offenses.
\\
\\

**DISCUSSION**

**I.   Threshold Jurisdictional Issue**

A motion under 28 U.S.C. § 2255 ("Section 2255") generally is the exclusive post-appeal mechanism by which a federal prisoner may challenge the legality of his conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir.), *cert. denied*, 133 S. Ct. 292 (2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Accordingly, a federal prisoner may file a 28 U.S.C. § 2241 ("Section 2241") habeas petition only to attack the "execution of his sentence," not to attack its validity. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (noting that Section 2241 is available only to challenge the manner of execution of a prisoner's federal sentence, not its legality).

Additionally, a petitioner must bring all arguments he intends to bring in his *initial* Section 2255 motion or risk having later arguments barred as successive. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under Section 2255 is strictly limited. First, *before* a second or successive Section 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Second, a court of appeals may authorize a second or successive Section 2255 motion only if it is based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive . . ., that was previously unavailable." 28 U.S.C. § 2255(h).

There is one "narrow exception" to the generally exclusive nature of the Section 2255 remedy for federal prisoners who wish to challenge the validity of their convictions and/or sentences. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1069 (9th Cir. 2003). Section 2255 contains a "savings clause" or "escape hatch," which allows a federal prisoner to seek Section 2241 relief when a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956. The Section 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819. The petitioner bears the burden of

proving the inadequacy or ineffectiveness of the Section 2255 remedy.  *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

The distinction between Section 2255 motions and Section 2241 petitions impacts not only the type of relief available and the applicable procedural limitations but also carries a jurisdictional component.  *See Muth*, 676 F.3d at 818; *Hernandez*, 204 F.3d at 864-65.  Section 2255 motions must be heard in the federal district in which the prisoner was convicted and sentenced, *i.e.* in the Sentencing Court.  Section 2241 petitions, in contrast, must be heard in the federal district in which the prisoner is confined.  As a result, a district court faced with a federal prisoner's Section 2241 challenge to the legality of his conviction and/or sentence must first decide, "before proceeding to any other issue," whether the relief requested may be sought under Section 2241.  *Hernandez*, 204 F.3d at 865; *see also Muth*, 676 F.3d at 818 ("Before proceeding to the merits of a § 2241 petition ostensibly brought pursuant to the 'escape hatch' of § 2255, a district court must resolve the threshold question whether a petition was properly brought under § 2241 or whether the filing should instead be construed as a § 2255 motion.").

## II.   Section 2241 Jurisdiction Appears To Be Lacking

The claim alleged in the Petition directly challenges the validity of Petitioner's sentence imposed by the Sentencing Court.  As a result, Section 2241 jurisdiction does not exist unless Petitioner shows that Section 2255's savings clause applies and/or that Section 2241 somehow otherwise applies.  The Petition does not do so.  Accordingly, **Petitioner is ORDERED TO SHOW CAUSE, no later than July 19, 2018, why this Court has jurisdiction in this case.**

As stated above, the Ninth Circuit has construed the "inadequate or ineffective" language narrowly and made clear that it does not serve as a mechanism for either circumventing the procedural limitations on Section 2255 motions or obtaining a second chance to present a claim already denied on the merits.  *See, e.g., Ivy*, 328 F.3d at 1059; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  Therefore, to establish that the Section 2255 remedy is inadequate or ineffective in this case, Petitioner must, in response to this Order, (1) establish that the Petition makes a claim of actual innocence *and* (2) demonstrate that he has not had an unobstructed procedural shot at presenting that claim.  *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819.

To satisfy the first prong, a claim of actual innocence, a petitioner must show, by a preponderance of the evidence, "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citation omitted); *Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954. Factual innocence, not legal insufficiency, is required. *Lorentsen*, 223 F.3d at 954; *see Stephens*, 464 F.3d at 898-990; *Ivy*, 328 F.3d at 1060. The Petition, however, does not allege that Petitioner is innocent of the crimes of which he was convicted. Rather, the Petition asserts that there is a defect in Petitioner's Sentence.

Further, to satisfy the second prong, Petitioner must establish he has "never had the opportunity to raise" his claim in a Section 2255 motion. *Ivy*, 328 F.3d at 1060 ("it is not enough that the petitioner is presently barred from raising his claim . . . under § 2255. He must never have had the opportunity to raise it by motion."). However, Petitioner has twice attacked the validity of his sentence in post-conviction proceedings: first, in the Section 2255 Motion he filed in the Sentencing Court in 2008; and second in the Section 2241 Petition that Petitioner filed in the Central District of Illinois in 2013.

Finally, the Court is unaware of any independent basis for exercising Section 2241 jurisdiction. The central purpose of the writ of habeas corpus is to provide a remedy to prisoners challenging the fact or duration of their physical confinement and seeking immediate release or an earlier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973) ("the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody"). Section 2241 confers a general grant of habeas jurisdiction when a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), (c)(3). As noted earlier, the federal courts have construed this general grant to encompass a federal prisoner's right to attack the "execution of his sentence," but not its validity. *Id.* at 1009; *Hernandez*, 204 F.3d at 864; *see also Porter*, 244 F.3d at 1007.

\\
\\
\\
\\
\\
\\

CIVIL MINUTES – GENERAL

Case No.   CV 18-4198-FMO (KS)                                        Date: June 28, 2018

Title      *Robert Smith v. Steve Langford*

    For the reasons stated above, it appears that the Petition is subject to dismissal for lack of jurisdiction.  Accordingly, **IT IS HEREBY ORDERED that Petitioner shall file, no later than July 19, 2018, a signed written response to this Order in which Petitioner does <u>one</u> of the following:**

(1) Establishes that the Petition is properly filed as a Section 2241 Petition because either the Section 2255 escape hatch applies – *i.e.*, the Petition makes a claim of actual innocence, which Petitioner has not had an unobstructed procedural shot at presenting – or the Court has another basis for exercising Section 2241 jurisdiction;

(2) Establishes that the Seventh Circuit Court of Appeals authorized Petitioner to file a second or successive Section 2255 motion *before* he filed the Petition and consents to the Court recharacterizing the Petition as a Section 2255 motion and transferring it to the appropriate district court; or

(3) Requests the voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached to this Order for Petitioner's convenience.

**IT IS SO ORDERED**.

                                                                                :

                                              **Initials of Preparer**   rhw